24309

Trinity County - District Clerk

Filed 7/12/2023 5:03 PM
Jillian Steptoe
District Clerk
Trinity County, Texas

Jillian Steptoe

CAUSE NO. _____

| | | |
|---|---|---|
| TRINITY COUNTY MEMORIAL VFW POST 6899, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § § | |
| V. | § § | TRINITY COUNTY, TEXAS |
| ILLINOIS UNION INSURANCE COMPANY, | § § § § | _____ DISTRICT COURT |
| *Defendant,* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Trinity County Memorial VFW Post 6899, ("Plaintiff"), and files **Plaintiff's Original Petition,** complaining of Illinois Union Insurance Company, ("Illinois Union") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.     Plaintiff, Trinity County Memorial VFW Post 6899, resides in Trinity County, Texas.

3.     Defendant, Illinois Union Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Illinois Union, through its registered agent for service as set out in Defendant's policy:

**Mr. Paul Bech, Esq.**
**Associate General Counsel**
**Chubb**
**436 Walnut Street**
**Philadelphia, Pennsylvania 19106-3703**

**or wherever they may be found**.  Plaintiff requests service at this time.

## JURISDICTION

4.    The Court has jurisdiction over Illinois Union because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Illinois Union's business activities in the state, including those in Trinity County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Trinity County, Texas because the insured property is located in Trinity County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Trinity County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiff asserts cause of action for breach of contract, breach of common law duty of good faith and fair dealing, breach of sections 541 and 542 of the Texas Insurance Code, and breach of the Texas DTPA.

7.    Plaintiff owned an Illinois Union insurance policy, number CLBTXF137523694 (the "Policy").  At all relevant times, Plaintiff owned the insured premises located at 400 West Caroline Street, Trinity, Texas 75862 (the "Property").  The Policy covered the Property from October 01, 2019 to October 01, 2020 (the "Policy Period").

8.    Illinois Union Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff.  Illinois Union Insurance Company represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property.  Illinois Union has refused the full extent of that coverage currently owed to Plaintiff.

---

Plaintiff's Original Petition                                                                                      2

9.      The Property sustained extensive damage resulting from a severe storm that passed through the Trinity County, Texas area during the Policy Period.

10.     In the aftermath of the storm, Plaintiff submitted a Claim to Illinois Union Insurance Company against the Policy for damage to the Property.  Illinois Union assigned claim number KY21K3023944 to Plaintiff's claim (the "Claim"). The claim was assigned a date of loss of April 1, 2020.

11.     Plaintiff asked Illinois Union to cover the cost of damage to the Property pursuant to the Policy.

12.     Illinois Union Insurance Company hired or assigned its agent, Shamikia Brice ("Brice"), to inspect and adjust the claim. Brice hired Jake Johnson of Sedgwick to inspect the Property on January 19, 2022. Brice did not investigate the weather at or near Plaintiff's property.  Brice pulled no storm reports, no wind reports and no hail reports. Brice failed to provide any findings, conclusions, or determinations related to weather to Plaintiff.

13.     After failing to investigate, document, and make a final determination on storm activity during the Policy Period, on May 6, 2022, Brice represented to Plaintiff there was no storm-related damage to the Property in excess of Plaintiff's $1,000 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the Claim.

14.     Illinois Union, through its agent, Brice, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15.     Illinois Union and Brice have ultimately refused full coverage which includes, but is not limited to, damage to the metal roof, vents, flashings, soffit, fascia, gutters, and interior..

Specifically, the third-party inspector hired to review the damage to the Property found additional damage that was completely absent from Brice's report.

16. The damage to Plaintiff's Property is currently estimated at $251,992.90.

17. Brice had a vested interest in undervaluing the claims assigned to him by Illinois Union in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Brice.

18. Furthermore, Brice was aware of Plaintiff's $1,000 deductible prior to inspecting the Property. Brice had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

19. Brice misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Brice made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Brice misrepresented that the damage was caused by non-covered perils. Brice used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, Illinois Union and Brice improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, Illinois Union and Brice misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

22. Illinois Union and Brice made these and other false representations to Plaintiff, either

knowingly or recklessly, as a positive assertion, without knowledge of the truth. Illinois Union and Brice made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Brice.

23.   Plaintiff relied on Illinois Union and Brice's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.   Upon receipt of the inspection and estimate reports from Brice, Illinois Union failed to assess the Claim thoroughly. Based upon Brice's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Illinois Union failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.   Because Illinois Union and Brice failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26.   Furthermore, Illinois Union and Brice failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Brice performed an unreasonable and substandard inspection that allowed Illinois Union to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27.   Illinois Union and Brice's misrepresentations, unreasonable delays, and continued denials

constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28. Illinois Union and Brice's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Illinois Union and Brice have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Illinois Union and Brice have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. Illinois Union and Brice's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Illinois Union and Brice failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

30. Additionally, after Illinois Union received statutory demand on or about March 29, 2023, Illinois Union has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

31. Illinois Union and Brice's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Brice performed a biased and intentionally substandard inspection designed to allow Illinois Union to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, Illinois Union and Brice performed an outcome-oriented investigation of

Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. Illinois Union's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Brice's subpar inspection, Illinois Union failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

34. Illinois Union and Brice's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Brice's intentional undervaluation of Plaintiff's Claims, Illinois Union failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Brice's understatement of the damage to the Property caused Illinois Union to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

35. Illinois Union and Brice's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ILLINOIS UNION INSURANCE COMPANY

36.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

37.    Illinois Union is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Illinois Union and Plaintiff.

38.    Illinois Union's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Illinois Union's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

39.    All allegations above are incorporated herein.

40.    Illinois Union's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

41.    Illinois Union's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

42.    Illinois Union's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Illinois Union's liability

---

Plaintiff's Original Petition                                                                                            8

under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

43.   Illinois Union's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

44.   Illinois Union's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

45.   Illinois Union's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

46.   All allegations above are incorporated herein.

47.   Illinois Union's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

48.   Illinois Union's failure to notify Plaintiff in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

49.     Illinois Union's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.     All allegations above are incorporated herein.

51.     Illinois Union's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

52.     Illinois Union's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though, at that time, Illinois Union knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

53.     All allegations above are incorporated herein.

54.     Illinois Union's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Illinois Union pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Illinois Union. Specifically, Illinois Union's violations of the DTPA include, without limitation, the following matters:

    A.     By its acts, omissions, failures, and conduct, Illinois Union has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Illinois Union's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt,

and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Illinois Union represented to Plaintiff that the Policy and Illinois Union's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Illinois Union also represented to Plaintiff that the Policy and Illinois Union's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, Illinois Union advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Illinois Union breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Illinois Union's actions are unconscionable in that Illinois Union took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Illinois Union's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Illinois Union's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55.     Each of the above-described acts, omissions, and failures of Illinois Union is a producing cause of Plaintiff's damages.  All of Illinois Union's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

56.     Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

57.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

58.     Since the Claim was made, Illinois Union has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's Claim in violation of the laws set forth above.

59.     Plaintiff currently estimates that actual damages to the Property under the Policy are $251,992.90.

60.     Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiff acts in accordance with the

misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

61.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

62.   For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

63.   For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times its actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

64.   For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

65.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Illinois Union owed, exemplary damages, and damages for emotional distress.

66.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

67.    For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

68.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of more than $250,000.00 excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate. Further, Plaintiff pleads out of the expedited action process governed by Texas Rule of Civil Procedure 169.

### REQUIRED DISCLOSURES

69.    Under Texas Rules of Civil Procedure 194, Defendant must disclose, within thirty (30) days of filing an answer or general appearance, the information and material described in Texas Rules of Civil Procedure 194.2(b).

### JURY DEMAND

70.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Trinity County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

### PRAYER

Plaintiff prays that Defendant, Illinois Union Insurance Company, be cited and served to appear and that upon trial hereof, Trinity County Memorial VFW Post 6899, recovers from Defendant, Illinois Union Insurance Company such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

Respectfully submitted,

By: /s/ *Patrick C. McGinnis*

---

Plaintiff's Original Petition                                                                                                 15

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No.13631900
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Irene Ayala on behalf of Chad Wilson
Bar No. 24079587
iayala@cwilsonlaw.com
Envelope ID: 77466149
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 7/18/2023 8:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 7/12/2023 5:03:16 PM | SENT |
| Chad Wilson | | cwilson@cwilsonlaw.com | 7/12/2023 5:03:16 PM | SENT |
| Patrick C.McGinnis | | pmcginnis@cwilsonlaw.com | 7/12/2023 5:03:16 PM | SENT |
| Irene Ayala | | iayala@cwilsonlaw.com | 7/12/2023 5:03:16 PM | SENT |